IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Lee Chapman, ) | Case No.: 8:25-cv-12393-JD-WSB |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Officer Munssen, Greenville County ) | |
| Detention Center, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge William S. Brown (DE 12), issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report addresses the Magistrate Judge's pre-screening of Plaintiff Willie Lee Chapman's ("Plaintiff") pleadings.[1] (DE 1.)

**A.    Background**

The Report accurately outlines the relevant facts and legal standards, which the Court incorporates herein by reference. A brief summary is provided for context.

Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated this civil action pursuant to 42 U.S.C. § 1983 while he was a pretrial detainee at the Greenville County Detention Center. Plaintiff alleges that when he was transported from the

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

detention center to a hospital in May 2025, his personal property—allegedly including legal materials—was packed by detention center staff and subsequently lost upon his return. Plaintiff seeks monetary damages for alleged due process violations and loss of access to his legal materials.

This matter was referred to United States Magistrate Judge William S. Brown for pretrial handling and pre-screening pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Upon initial review under 28 U.S.C. §§ 1915 and 1915A, the Magistrate Judge determined that the Complaint was subject to summary dismissal for multiple deficiencies. By order dated September 15, 2025, Plaintiff was advised of those deficiencies and granted an opportunity to file an amended complaint within twenty-one days. (DE 9.) Plaintiff was expressly warned that failure to file an amended pleading correcting the identified defects would result in a recommendation of dismissal without further leave to amend.

Plaintiff did not file an amended complaint within the allotted time, nor did he otherwise respond to the Court's orders. Additionally, Plaintiff failed to comply with prior instructions requiring him to keep the Court apprised of his current address, despite indications that he may no longer have been incarcerated at the detention center. The case, therefore, proceeded on the original Complaint and the existing record.

B.   **Report and Recommendation**

On October 21, 2025, the Magistrate Judge issued a thorough Report and Recommendation recommending that this action be dismissed without prejudice and

without issuance and service of process. The Magistrate Judge concluded that dismissal was warranted on two independent grounds.

First, the Magistrate Judge found that the action is subject to dismissal under Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failure to comply with the Court's orders. (DE 12 at 5.) Despite being afforded an opportunity to amend his Complaint and being warned of the consequences of noncompliance, Plaintiff failed to file an amended complaint, meet Court-imposed deadlines, and maintain a current mailing address. The Magistrate Judge determined that lesser sanctions would be ineffective under the circumstances.

Second, the Magistrate Judge concluded, in the alternative, that the Complaint fails to state a claim upon which relief may be granted. (*Id.* at 7–9.) Construing the allegations liberally, the Report explained that Plaintiff's claims concerning the loss of personal property do not give rise to a constitutional violation because South Carolina provides adequate post-deprivation remedies. The Magistrate Judge further concluded that Plaintiff failed to state a plausible claim for denial of access to the courts, as he did not allege any actual injury or prejudice to a non-frivolous legal claim. (*Id.* at 9.) The Report also noted that Plaintiff is represented by counsel in his underlying criminal proceedings, which independently defeats any claim of constitutionally inadequate access to the courts.

Based on these findings, the Magistrate Judge recommended dismissal of the action without prejudice, without further leave to amend, and without issuance and service of process.

## C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## D. Absence of Objections

The Report advised the parties of their right to file specific written objections within the time provided by law. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). No objections have been filed, and the time for doing so has expired.

In the absence of objections, the Court is not required to conduct a *de novo* review and need only satisfy itself that there is no clear error on the face of the record. Upon review, the Court finds none.

### E. Conclusion

Since no objections have been filed by the parties, and after a careful and thorough review of the Report and Recommendation and the entire record in this matter, the Court finds no clear error and adopts the Report (DE 12) in its entirety and incorporates it herein by reference.

It is, therefore, ORDERED that this action is DISMISSED without prejudice, pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or, in the alternative, for failure to state a claim upon which relief may be granted, without further leave to amend and without issuance and service of process.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
January 20, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.